NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE DENMARK and ELLIOT DENMARK, | : : : |
| Plaintiffs, | : Civil Action No. 18-15028 (MCA) (MAH) : : |
| v. | : OPINION : |
| PILOT TRAVEL CENTERS, LLC, | : : |
| Defendant. | : : |

**INTRODUCTION**

This matter comes before the Court on the motion of Defendant to transfer the proceedings to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a). Def. Mot. to Transfer, D.E. 8. The Court has considered the parties' filings, the arguments raised during oral argument held on May 31, 2019, and the applicable law. For the reasons set forth below, the Court will grant Defendant's motion to transfer the proceedings to the United States District Court for the District of South Carolina.[1]

**BACKGROUND**

At all times relevant to this motion, Plaintiffs Dale and Elliot Denmark have resided in Mt. Sinai, New York. Compl., D.E. 1, at ¶ 7. Defendant Pilot Travel Centers, LLC, is a limited liability company organized under Delaware law with its principal place of business in Knoxville, Tennessee. *Id.* at ¶ 8. Defendant is a limited liability company that is composed of four members:

---

[1] "A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may decide pursuant to 28 U.S.C. § 636(b)(1)(A)." *Govan v. United States*, Civ. No. 09-491, 2009 WL 10664440, at *5 n.1 (D.N.J. Dec. 22, 2009).

(1) BDT; (2) Pilot Corporation; (3) Propeller Corporation; and (4) Crystal Call/Family. *Id.* at ¶ 13. None of those entities are organized under New York law, and no entity is a domiciliary of New York.[2] *Id.*

Defendant operates travel centers throughout the United States. *Id*. at ¶ 1. Defendant's travel centers "are a combination gas station, restaurant, and general mercantile establishment . . . for motorists and other travelers to seek respite." *Id.* Defendant transacts business in New Jersey and elsewhere. *Id*. at ¶ 9. In New Jersey, Defendant "owns, manages, and operates commercial premises" in Newark, Mahwah, Roxbury, and Hampton. *Id.* at ¶¶ 9-10.

On November 2, 2016, while driving their recreational vehicle from Florida to New York, Plaintiffs stopped at Defendant's travel center in South Carolina. *Id.* at ¶¶ 3, 25. As Plaintiff Dale Denmark was exiting the vehicle, her foot allegedly became lodged in "an unguarded crack and broken depression[,]" causing her to fall and sustain injuries to her shoulder, arms, elbow and wrist. *Id.* at ¶ 27; Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 2. Plaintiffs concede that Ms. Denmark was treated by emergency medical technicians and healthcare providers at McLeod Medical Center in South Carolina immediately following her fall. Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 11. Plaintiffs further maintain that, "[f]ollowing an attempt at closed reductions, surgery was performed on December 16, 2016, to attempt to re-set both the wrist and elbow fractures. Plaintiff [Dale Denmark's] recovery required one . . . month of in-patient rehabilitation and extensive subsequent out-patient therapy over the course of the subsequent two . . . year period of time." *Id.* at 2. In their papers, Plaintiffs did not indicate where either the in-

---

[2] Plaintiffs' Complaint relies on 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. *See* Compl., D.E. 1, ¶ 15. For diversity of citizenship, the Complaint alleges that while Plaintiffs are citizens of New York, Defendant's principal place of business is in Tennessee and it is "a limited liability company organized and existing pursuant to the law of the State of Delaware." *Id.* at ¶¶ 7-8.

patient rehabilitation center or the out-patient therapy facility is located. However, at oral argument, they clarified that the December 16, 2016 surgery and follow-up therapy occurred in New York.

On October 16, 2018, Plaintiffs filed a Complaint in the United States District Court for the District of New Jersey.[3] *See generally*, Compl., D.E. 1. The Complaint asserts a negligence claim for damages for injuries that Plaintiff Dale Denmark sustained from her fall. Compl., D.E. 1, at ¶ 28. The Complaint also asserts a per quod claim on behalf of Plaintiff Elliot Denmark. *Id*. at ¶ 42.

On November 8, 2018, Defendant filed a motion to transfer the proceedings to the United States District Court for the District of South Carolina. Def. Mot. to Transfer, D.E. 8. On December 4, 2018, Plaintiffs opposed Defendant's motion. Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14. On December 7, 2018, Defendant replied to Plaintiffs' opposition. Def. Reply Br. in Supp. of Mot. to Transfer, D.E. 15.

On March 19, 2019, the Court issued an Order informing the parties that their briefing on the motion failed to address the residence or citizenship of the constituent members of Defendant as a limited liability company. Order, Mar. 29, 2019, D.E. 17. This deficiency, in turn, precluded the Court from determining whether venue was proper in the transferor court, the District of New Jersey.[4] Accordingly, the Court ordered Defendant to file a supplemental brief and declaration

---

[3] Plaintiffs' Complaint asserts that under 28 U.S.C. §§ 1391(b)(1) and 1392(c)(2) venue is proper in this Court "insofar as Defendant is subject to personal jurisdiction in the State in which the within Court's District is located, there are no other Defendants in this action, Defendant is therefore a resident for purposes of venue, and venue in the within District is accordingly authorized by statute." Compl., D.E. 1, ¶ 16.

[4] Whether this Court has venue over the matter is pertinent because before the Court can consider a motion to transfer under 28 U.S.C. § 1404(a), it must assure itself that it has venue over the action. "Section 1404(a) . . . applies only if venue is proper in both the transferor court and the

attesting to Defendant's residence under § 1391(b) and gave Plaintiffs the opportunity to respond. *Id.* On March 28, 2019, Defendant filed its supplemental brief and a declaration from its General Liability Adjuster, Stewart Easter. Def. Supplemental Br., D.E. 18. On April 5, 2019, Plaintiffs responded to Defendant's submission. Pls.' Reply, D.E. 19.

On May 14, 2019, the Court held a telephonic hearing with the parties wherein both parties stipulated, on the record, that Defendant is subject to personal jurisdiction in New Jersey, and that venue in the District of New Jersey is proper under 28 U.S.C. § 1391(c)(2). The parties reiterated the stipulation on the record at the May 31, 2019 oral argument. Furthermore, on December 17, 2018, this Court executed the parties' Consent Order, wherein Defendant waived asserting affirmative defenses as to the within Court's personal jurisdiction. Consent Order, Dec. 17, 2018, D.E. 16. Accordingly, the Court is satisfied that venue is proper in the District of New Jersey.

## DISCUSSION

Defendant argues that, under 28 U.S.C. § 1404(a), this Court should transfer the proceedings to the United States District Court for the District of South Carolina, as both the private interest factors and public interest factors set forth in *Jumara v. State Farm Ins., Co.*, 55 F.3d 873, 879 (3d Cir. 1995), weigh heavily in favor of transfer. Def. Br. in Supp. of Mot. to Transfer, D.E. 14, at 5.

To satisfy the private interest factors, Defendant submits that the claim arose in South

---

transferee court." *Amtrust at Lloyd's LTD. v. Breslin*, Civ. No. 14-7761, 2015 WL 1399588, at *3 (D.N.J. Mar. 26, 2015) (citing *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F.Supp.2d 349, 357 (D.N.J. 1998) (stating "[t]he first two prerequisites for a valid transfer under § 1404(a) are that venue must be proper in both the transferor and transferee court.")). *See also Spathos v. Smart Payment Plan, LLC*, Civ. No. 15-8014, 2016 WL 3951672, at *3 (D.N.J. July 21, 2016) (stating "[i]n federal court, transfer of venue when original venue is proper is governed by 28 U.S.C. § 1404(a).").

Carolina and the property giving rise to the suit, many fact witnesses,[5] and most sources of proof are located there. *Id*. Defendant further submits that none of the fact witnesses is amenable to compulsory process in New Jersey, but they are in South Carolina. *Id*. at 6.

To satisfy the public interest factors, Defendant asserts that "New Jersey has no connection to this matter and its jurors should not be burdened with it." *Id.* Defendant further asserts that transferring the proceeding to South Carolina prevents the New Jersey District Court from having to apply unfamiliar law. *Id*. Defendant concludes its analysis of the public interest factors by asserting that transfer "would also preserve the local interest in deciding controversies at home as the entirety of this claim occurred in South Carolina after all, plaintiff voluntarily availed herself to the law of South Carolina when she traveled to that state." *Id*.

In opposition, Plaintiffs contend that Defendant, as "a sophisticated business entity[,] can accommodate substantially more putative inconvenience without suffering any genuine prejudice." Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 10. Plaintiffs, on the other hand, must "go out of pocket to cover their litigation expenses." *Id*. Specifically, Plaintiffs would be forced to incur the cost of transporting to South Carolina themselves and each healthcare provider that will be testifying at trial.[6] *Id.* at 10-11. Plaintiffs assert that Defendant, as a "nationwide network of travel centers[,]" is better suited to handle witness transport. *Id.* at 12.

Plaintiffs further contend that Defendant has not identified "any witnesses local to South

---

[5] Specifically, Defendant submits that "police and EMS responded to the scene of the accident, conducted investigations and rendered aid to plaintiff." Def. Br. in Supp. of Mot. to Transfer, D.E. 14, at 5.

[6] Plaintiffs represent that if the matter were transferred, they have to find lodging for "orthopedic surgeons, neurologists, and radiologists." Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 3. However, Plaintiffs do not state precisely how many healthcare providers treated her for the injuries or the location of those providers.

Carolina whose actual live testimony will be needed at the time of trial other than Defendant's employees." *Id.* at 11. Furthermore, Plaintiffs posit that any potential testimony of the paramedics or healthcare providers that treated Plaintiff immediately after she was injured "cannot withstand scrutiny" as the time Plaintiff fell, the location of her fall, and the injuries that she sustained are indisputable. *Id.* Plaintiff Dale Denmark's injuries "are documented in the records prepared by EMT's [sic] at the accident scene and by the healthcare providers at McLeod Medical Center." *Id.* Plaintiffs submit that, in sum, Defendant cannot offer any witness whose convenience supports transfer. *Id.* at 12. Plaintiffs conclude their opposition by arguing that the District of New Jersey is the proper venue as Defendant does business and has previously litigated matters in New Jersey. *Id.*

### A. 28 U.S.C. § 1404(a)

Before the Court can consider Defendant's motion to transfer under § 1404(a), it must first satisfy itself that venue is proper in the District of South Carolina. In all civil cases, 28 U.S.C. § 1391 determines proper venue. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section 1391(c)(2) defines residency for venue purposes. *See Water Resource Grp., LLC. v. Powers*, Civ. No. 12-3779, 2013 WL 5202679, at *7 (D.N.J. Sept. 13, 2013) (stating that "[t]he statute further defines 'residency' for venue purposes, in relevant part as being satisfied where the defendant entity 'is subject to the court's personal jurisdiction with respect to the civil action in

question . . .'") (citing 28 U.S.C. § 1391(c)(2)).  It provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains." 28 U.S.C. § 1391(c)(2).

> i. *Venue Is Proper in the Transferee Court*

Plaintiffs' Complaint alleges that Plaintiff Dale Denmark tripped, fell, and sustained injuries at Defendant's travel center in South Carolina. Compl., D.E. 1, ¶ 27. Therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of South Carolina as "a substantial part of the events or omissions giving rise to the claim occurred" in that District. Accordingly, the Court is satisfied that venue is proper in the transferee court, the District of South Carolina, and can proceed to analyze the private interest factors and public interest factors set forth in *Jumara*, 55 F.3d at 879, to determine whether they weigh in favor of transfer.

> ii. *§ 1404(a) Factors*

The Court must now consider the private and public interest factors set forth in *Jumara*, 55 F.3d at 879. The private interest factors include: (i) plaintiff's choice of forum; (ii) defendant's preference; (iii) where the claim arose; (iv) the parties' convenience as indicated by their relative physical and financial condition; (v) witness convenience; and (vi) the location of books and records. *Id.* As the party seeking transfer, it is Defendant's burden to demonstrate that those factors weigh in favor of transfer. *Id.*

First, Plaintiffs' choice of forum is not entitled to significant deference in this case. A plaintiff's choice of forum is given little weight if "the choice of forum has little connection with

the operative facts." *Culp v. NFL Prods. LLC*, Civ. No. 13-7815, 2014 WL 4828189, at *4 (D.N.J. Sept. 29, 2014); *Garlick v. Quest Diagnostics Inc.*, Civ. No. 06-6244, 2010 WL 1490923, at *2 (D.N.J. Apr. 13, 2010) ("A plaintiff's choice of forum, while ordinarily entitled to some deference, is entitled to less deference, perhaps to the vanishing point, when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit."). This District has no ostensible connection with the operative facts. Neither the accident itself, nor Plaintiff's medical care, occurred in New Jersey. Instead, all of the operative facts pertaining to the accident itself and medical care immediately following the accident occurred in South Carolina. And while Plaintiff had significant additional medical care outside of South Carolina, that occurred in New York, not New Jersey. *See Garlick*, 2010 WL 1490923, at *3 (transferring a matter where none of the plaintiffs were New Jersey residents and "none of the acts that allegedly comprise the crux of Plaintiffs' complaint occurred in this forum"). As Plaintiffs have not demonstrated any operative facts giving rise to their claims that might have occurred in New Jersey, this factor does not favor maintaining this action in the District of New Jersey.

The second and third factors—the preference of Defendant and the location of where the claims arose—both weigh in favor of transferring the matter. Defendant has moved to transfer the case to South Carolina. As for where the claims arose, that too strongly favors South Carolina because its connection to the pending claims is far greater than New Jersey. Although Defendant "owns, manages, and operates commercial premises" in New Jersey, the accident occurred in South Carolina, and the medical care occurred in South Carolina and New York.

The fourth factor—the parties' convenience as indicated by their relative physical and financial condition—is neutral. The Court is not unsympathetic to the fact that Plaintiffs are "elderly retirees[.]" Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 10. However, they neither

reside in New Jersey nor have they provided any reason to believe that any of the relevant facts, including Plaintiff Dale Denmark's post-accident care, occurred in New Jersey. Plaintiffs' claim that they "are limited by the need to ultimately go out of pocket to cover their litigation expenses" is unpersuasive, as that is true whether their claim is litigated in New Jersey or South Carolina. *Id*. While it is conceivably more expensive for Plaintiffs to travel from New York to South Carolina than to New Jersey, Plaintiffs do not represent that they are financially incapable of incurring any potential cost increase or that they are physically incapable of traveling to South Carolina. In that regard, the Court notes that the accident occurred while Plaintiffs were driving their recreational vehicle from Florida to New York.

The fifth factor—the witnesses' convenience—weighs in favor of transfer. While it is true, as Plaintiff argues, that Defendant has not yet affirmatively identified any witnesses local to South Carolina whose testimony will be needed at trial, discovery has not yet occurred in this matter. At oral argument, Defendant asserted that it likely will seek the testimony of paramedics or healthcare providers at McLeod Medical Center who treated Plaintiff immediately following her fall.[7] Defendant may further seek the testimony of any of its employees that were working at the time of the accident.[8] These potential witnesses presumably reside in South Carolina and, therefore, are outside the subpoena power of this Court. *See Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.*, Civ. No. 10-6457, 2011 WL 3329087, at *5 (D.N.J. Aug. 2, 2011) (noting that

---

[7] Plaintiffs' claim that the testimony of any South Carolina paramedic or healthcare provider would not "withstand scrutiny" is premature and speculative at this point in the litigation. Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 11.

[8] While Defendant owns, manages, and operates commercial premises in New Jersey, there is no indication that any of the employees working at Defendant's South Carolina travel center at the time of accident now reside in New Jersey.

"[a] forum's inability to compel the attendance of witnesses at trial is an important factor weighing in favor of transfer.") (citations omitted).

Plaintiffs argue that this factor weighs in favor of New Jersey, as "orthopedic surgeons, neurologists, and radiologists" would have to travel South Carolina to testify. Pls.' Br. in Opp. to Mot. to Transfer, D.E. 14, at 3. While that may be the case for a trial, that is not necessarily the case for discovery, as the parties could agree to alternate deposition arrangements under Federal Rule of Civil Procedure 30.[9] Moreover, it remains that this Court would have no jurisdiction to enforce a subpoena issued to a South Carolina witness under Federal Rule of Civil Procedure 45(c)(1).

The sixth factor—the location of the books and records—is neutral, as neither party has demonstrated or argued that adjudicating this case in New Jersey, or transferring it to South Carolina, will cause books or records to become unavailable or significantly more burdensome to produce. *See Culp*, 2014 WL 4828189, at *7 ("In our electronic age, this factor seems to carry less consideration [because books and records] are already in electronic format or can be saved electronically, and easily transported."). Accordingly, the private interest factors collectively weigh in favor of transferring this matter to South Carolina.

Having determined that the private factors weigh in favor of transfer, the Court next analyzes the public interest factors, which are:

> the enforceability of the judgment; practical considerations that

---

[9] Plaintiffs further argue that, given Defendant's business, it is foreseeable that Defendant's employees may have to travel outside of the State for litigation when injuries similar to that of Plaintiff Dale Denmark's occur. Therefore, Defendant cannot argue that it is inconvenient for their witnesses to have to travel to New Jersey. This argument, however, fails to appreciate that this Court would lack jurisdiction to enforce a subpoena outside of the limits of Federal Rule of Civil Procedure 45(c)(1). As stated in *Platinum Partners*, 2011 WL 3329087, at *5, "[a] forum's inability to compel the attendance of witnesses at trial is an important factor weighing in favor of transfer." Accordingly, the Court is unpersuaded by Plaintiffs' argument.

> could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted). When evaluating the public interest factors "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).

Aside from the fact that Defendant does business and is subject to personal jurisdiction in New Jersey, New Jersey lacks any other connection, let alone a strong one, to the claims asserted in this case. Given the lack of connection, New Jersey maintains scant interest, public or otherwise, in adjudicating the matter. Indeed, South Carolina law would likely apply in this case. *See P.V. ex rel. T.V. v. Camp Jaycee*, 922 A.2d 761, 765 (App. Div. 2007) (noting that "[i]n personal injury cases, . . . [w]hen both conduct and injury occur in a single jurisdiction, with only 'rare exceptions, the local law of the state where conduct and injury occurred will be applied' to determine an actor's liability.") (citations omitted). As such, a trial judge in South Carolina would be more familiar applying South Carolina state law through diversity than would a trial judge in New Jersey. Lastly, as South Carolina was the locus of the majority of the events underlying Plaintiffs' claims and Defendant has a travel center there, it maintains a strong interest in this litigation.

Plaintiffs argue that the interests of justice favor keeping this case in the District of New Jersey. Plaintiffs, however, fail to explain how the interests of justice are served by the District of New Jersey retaining a case with which it has no connection. Plaintiffs have not set forth any connection between Defendant's alleged culpable conduct and the State of New Jersey, other than its relative proximity to New York, where Plaintiff Dale Denmark received her surgery and

subsequent therapy. Accordingly, "New Jersey jurors should not be burdened with adjudicating a matter concerning alleged conduct which has virtually no connection with New Jersey." *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 501 (D.N.J. 1998). The public interest factors also collectively weigh in favor of transferring this matter to South Carolina.

## CONCLUSION

For the reasons set forth above, Defendant's motion to transfer this matter to the United States District Court for the District of South Carolina [D.E. 8] is granted. An appropriate order will accompany this opinion.

                                                s/Michael A. Hammer  
                                                **UNITED STATES MAGISTRATE JUDGE**

**Dated:**       **June 4, 2019**